# 22-2183

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Matthew A. **Kezhaya**
*Respondent / Appellant*

*v.*

**City** of Belle Plaine, Minnesota
*Movant / Appellee*.

On appeal from the District of Minnesota

Case No. 0:21-cv-00336

Hon. Wilhelmina Wright, District Judge, presiding

## REPLY BRIEF FOR KEZHAYA



**Matt Kezhaya**                    **matt@crown.law**
Ark. # 2014161              direct: (479) 431-6112
Minn. # 0402193            general: (612) 276-2216

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

# Table of contents

Table of contents..........................................................................2

Table of authorities ................................................................3

Argument ....................................................................................7

    1: The sanctions order is rooted in legal and factual error. ........7

        1.1: "Distinguishable" does not mean "frivolous." ..............7

        1.2: The second suit was not barred by claim preclusion. ......8

    2: The $17,000 sanction was specious and arbitrary...............16

        2.1: A reprimand would have deterred like conduct............16

        2.2: The sanctions order gives the City a windfall. .............18

        2.3: There was not even a lodestar analysis. .......................19

    3: Relief requested upon remand. .........................................21

        3.1: The Court should instruct fees-shifting. ......................22

        3.2: The Court should order reassignment.........................23

Conclusion ................................................................................28

Certificate of service................................................................30

Certificate of compliance.........................................................30

Appellate Case: 22-2183   Page: 2   Date Filed: 02/21/2023 Entry ID: 5247360

# Table of authorities

**Cases**

*AVX Corp. v. Cabot Corp.*,
424 F.3d 28 (1st Cir. 2005)....................................................10

*Bennie v. Munn*,
822 F.3d 392 (8th Cir. 2016) ...............................................25

*Black Hills Inst. of Geological Rsch. v. S. Dakota Sch. of Mines & Tech.*,
12 F.3d 737 (8th Cir. 1993) ............................................5, 6, 16

*Caperton v. A.T. Massey Coal Co.*,
556 U.S. 868 (2009)............................................................24

*Chrysler Corp. v. Carey*,
186 F.3d 1016 (8th Cir. 1999)..............................................15

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*,
508 U.S. 520 (1993) ............................................................22

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ............................................................19

*E.E.O.C. v. Prod. Fabricators, Inc.*,
666 F.3d 1170 (8th Cir. 2012)..........................................14, 16

*Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cnty. v. Beebe*,
578 F.3d 753 (8th Cir. 2009) ...............................................13

*Hall v. United States*,
566 U.S. 506 (2012)..............................................................17

Appellate Case: 22-2183     Page: 3     Date Filed: 02/21/2023 Entry ID: 5247360

*In re Anderberg-Lund Printing Co.*,
109 F.3d 1343 (8th 1997) ........................................................ 9

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
512 U.S. 821 (1994).................................................................. 23

*Kulinski v. Medtronic Bio-Medicus, Inc.*,
112 F.3d 368 (8th Cir. 1997) .................................................. 11

*Larson v. Valente*,
456 U.S. 228 (1982).................................................................. 22

*Lindquist Ford, Inc. v. Middleton Motors, Inc.*,
658 F.3d 760 (7th Cir. 2011) .................................................. 25

*Liteky v. United States*,
510 U.S. 540 (1994).................................................................. 24

*Marshall v. Anderson Excavating & Wrecking Co.*,
8 F.4th 700 (8th Cir. 2021) ..................................................... 18

*Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*,
138 S.Ct. 1719 (2018) .............................................................. 23

*MHC Inv. Co. v. Racom Corp.*,
323 F.3d 620 (8th Cir. 2003) .................................................. 18

*Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*,
259 F.3d 949 (8th Cir. 2001) .................................................. 10

*N. Assurance Co. of Am. v. Square D Co.*,
201 F.3d 84 (2d Cir. 2000) ..................................................... 12

Appellate Case: 22-2183     Page: 4     Date Filed: 02/21/2023 Entry ID: 5247360

*Norman v. Arkansas Dep't of Educ.*,
    79 F.3d 748 (8th Cir. 1996) ............................................. 7, 8, 9

*Orduno v. Pietrzak*,
    932 F.3d 710 (8th Cir. 2019) ................................................. 17

*Ruppert v. Principal Life Ins. Co.*,
    705 F.3d 839 (8th Cir. 2013) ................................................. 10

*Satanic Temple v. City of Belle Plaine, Minnesota*,
    475 F. Supp. 3d 950 (D. Minn. 2020) ................................... 12

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ...................................................... 7, 11, 12

*Thorstenson v. Norton*,
    440 F.3d 1059 (8th Cir. 2006) ............................................... 11

*Tumey v. Mycroft AI, Inc.*,
    27 F.4th 657 (8th Cir. 2022) ................................................. 26

*Vallejo v. Amgen, Inc.*,
    903 F.3d 733 (8th Cir. 2018) ................................................. 20

*Watson v. Jones*,
    80 U.S. 679 (1871) ........................................................... 20, 22

*West Virginia Bd. of Ed. v. Barnette*,
    319 U.S. 624 (1943) ............................................................. 24

*Zorach v. Clauson*,
    343 U.S. 306, 319 (1952) (Black, J., dissenting) ..................... 22

Appellate Case: 22-2183    Page: 5    Date Filed: 02/21/2023 Entry ID: 5247360

**Statutes**

28 USC § 1291 ............................................................. 9

28 USC § 1927 ...................................................... 20, 21

**Other Authorities**

Black's Law Dictionary, INCUR (11th ed. 2019)....................... 17

Oral argument of *Satanic Temple v. Belle Plaine* ..................... 6, 15

**Rules**

7th Cir. R. 36 ............................................................. 25

FRCP 11 .................................................... 16, 20, 21

FRCP 11, Advisory Committee Notes (1993 Amendment) ........ 14

**Treatises**

27 *C.J.S. Dismissal and Nonsuit* § 45 ........................................ 8, 11

*Restatement (Second) of Judgments* 1 Relation (1982) ...................... 9

*Restatement (Second) of Torts* § 682, cmt. *a* (1977) ......................... 20

Appellate Case: 22-2183    Page: 6    Date Filed: 02/21/2023 Entry ID: 5247360

# Argument

## 1: The sanctions order is rooted in legal and factual error.

The opening brief addresses two legal errors on which the sanction order is predicated: (1) it conflates "distinguishable" with "frivolous;" and (2) it misapplies claim preclusion. Either prong requires reversal.

### 1.1: "Distinguishable" does not mean "frivolous."

The sanctions order reversibly collapsed the merits of an argument with the merits of bringing it. *Black Hills Inst. of Geological Rsch. v. S. Dakota Sch. of Mines & Tech.*, 12 F.3d 737, 745 (8th Cir. 1993). The City responds by suggesting the law on this topic is "well-settled." Response at 31 (citing *Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030 (8th Cir. 2003)). The City doggedly pursues this false

Appellate Case: 22-2183    Page: 7    Date Filed: 02/21/2023 Entry ID: 5247360

notion even though the author of *Professional Management*, Judge Loken, informed the City that "it didn't touch this issue."[1]

Far from being well-settled, this is a "highly unusual issue." Id., at 17:37. As a "highly unusual issue," case law on this issue is necessarily "sparse." When case law is "sparse," it is improper to force an attorney to bear the burden of Rule 11 sanctions. *Black Hills*, 12 F.3d at 745. Thus, Rule 11 sanctions were improper.

### 1.2: *The second suit was not barred by claim preclusion.*

The sanctions order also reversibly errs by misapplying claim preclusion. This is so for three reasons: (1) the second suit had explicit preauthorization; (2) I tried every avenue to avoid having to bring the second suit; and (3) the denial of leave to amend is "irrelevant," *not* dispositive, to the claim preclusion analysis.

---

[1] Oral argument of *Satanic Temple v. Belle Plaine* (available at http://media-oa.ca8.uscourts.gov/OAudio/2022/12/213079.MP3) at 17:17.

Appellate Case: 22-2183    Page: 8    Date Filed: 02/21/2023 Entry ID: 5247360

*1.21: The second suit had explicit preauthorization.*

The City denies that a dismissal "**WITHOUT PREJUDICE**," is an explicit preauthorization for a second suit on the same *res*. Response at 22. The City is wrong. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (a "dismissal without prejudice" means "a dismissal that does *not* bar the plaintiff from refiling the lawsuit within the applicable limitations period.") (emphasis added) (quoting Black's Law Dictionary (7th ed.1999)). By including the words "**WITHOUT PREJUDICE**," the District Court's dismissal order explicitly contemplates and permits that the plaintiff may refile within the applicable limitations period. *Id.*

The City next contends that the discovery order can book-end the statute of limitations. Response at 22. The City is wrong because after entering an order of dismissal "**WITHOUT PREJUDICE**" a district court no longer has the power to act on the claims dismissed. *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996) ("after the initial dismissal [without prejudice] … [the court] lacked jurisdiction to take any further action in it, including dismissing the

Appellate Case: 22-2183     Page: 9     Date Filed: 02/21/2023 Entry ID: 5247360

case with prejudice"). An involuntary dismissal "supersedes all prior orders entered in the case, rendering the court's prior and subsequent orders void." 27 *C.J.S. Dismissal and Nonsuit* § 45. Thus, upon the order of dismissal "WITHOUT PREJUDICE," the District Court's scheduling order applied only to the surviving promissory estoppel claim.

My motion for leave to amend did not reinvest jurisdiction in the District Court to dismiss the claims with prejudice. *Norman*, 79 F.3d at 751. There, after a dismissal without prejudice, the plaintiff moved to reinstate the case; the district court responded by dismissing the case with prejudice.

*Norman* controls. The *Norman* motion to reinstate did not reinvest the court with jurisdiction, it was a request to reopen the case. My motion to amend did not reinvest the court with jurisdiction, it was a request to rein the dismissed claims back into the case. Because the *Norman* motion was not granted, "the court lacked jurisdiction to take further action until the case was either reopened or

– 10 –

refiled." *Id.* Like *Norman*, my client's motion was not granted. So, like *Norman*, the District Court lacked jurisdiction to take further action on the claims dismissed.

*1.22: There was no "full and fair opportunity" to litigate.*

The sanctions order is also unlawful because my client was denied its rightful "full and fair opportunity" to litigate the matter. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th 1997). The City's response avoids this argument. The City thus forfeits argument against the elemental notion that *res judicata* does not bar a complaint that was never given a fair chance in the first place. *Id.*; *see also Restatement (Second) of Judgments* 1 Relation (1982).

Moreover, because the subject claims were previously dismissed "WITHOUT PREJUDICE," the *Satanic Temple II* complaint was necessary to effectuate the "final judgment" necessary for appellate jurisdiction. 28 USC § 1291. Absent the *Satanic Temple II* complaint, the fact that some claims had been dismissed "WITHOUT PREJUDICE" preempted finality. *E.g. Ruppert v. Principal Life Ins. Co.*, 705 F.3d

Appellate Case: 22-2183     Page: 11     Date Filed: 02/21/2023 Entry ID: 5247360

839, 843 (8th Cir. 2013) ("In this circuit, unless the appellant's claims are unequivocally dismissed with prejudice, there is no final appealable decision").

This Court has explained that, upon a dismissal without prejudice, the plaintiff "faces an election." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 956 (8th Cir. 2001). They may appeal, or they "may file a new action correcting the deficiencies in the first action." *Id.* They may not both. *Id.* I elected to file the new action. This was not sanctionable, it was the expected outcome of a dismissal "WITHOUT PREJUDICE."

Moreover, because "finality" for purposes of appeal is equivalent to "finality" for purposes of *res judicata*,[2] the Magistrate's denial of leave to amend required me to file the *Satanic Temple II* complaint. Had I not filed the new action, an appeal from the summary judgment on promissory estoppel would have been improper piecemeal

---

[2] *AVX Corp. v. Cabot Corp.*, 424 F.3d 28 (1st Cir. 2005)

Appellate Case: 22-2183    Page: 12    Date Filed: 02/21/2023 Entry ID: 5247360

litigation. *Thorstenson v. Norton*, 440 F.3d 1059, 1063 n. 3 (8th Cir. 2006) (a plaintiff who suffers a partial dismissal "could not, of course, appeal the March order until all claims and contentions were ruled upon.")

*1.23: The order is unsupported by its cited authorities.*

The sanctions order is also unlawful because it is unsupported by its cited authorities. *See Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997) (denial of leave to amend does not "contort" a preceding dismissal *without* prejudice into one *with* prejudice).

In response, the City claims without citation that a dismissal for failure to state a claim is "on the merits." Response at 20. The City's claim is unsupported because it is unsupportable. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("an adjudication upon the merits is the *opposite* of a dismissal without prejudice") (cleaned up; emphasis added; collecting authorities); 27 *C.J.S. Dismissal and Nonsuit* § 45 (An involuntary dismissal without prejudice

– 13 –

"is *not* a disposition on the merits … [and] does *not* prohibit the refiling of the action") (emphasis added; collecting authorities). The subject dismissal was "WITHOUT PREJUDICE." *Satanic Temple v. City of Belle Plaine, Minnesota*, 475 F. Supp. 3d 950, 966 (D. Minn. 2020) ("*Satanic Temple I*"). *Per se*, this is the opposite of a dismissal on the merits. *Semtek*, above.

Next, the City turns the law upside down by stating that a magistrate's denial of leave to amend is given preclusive effect. Response at 20-21 (citing *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000)). As addressed there: "the actual decision denying leave to amend is *irrelevant* to the claim preclusion analysis." *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) (emphasis added).

The District Court reversibly erred by treating an "irrelevant" decision as "dispositive." Had the District Court given effect to the

Appellate Case: 22-2183     Page: 14     Date Filed: 02/21/2023 Entry ID: 5247360

language it parroted,[3] it would have found that the plaintiff *did* bring all claims at once against the same defendant relating to the same transaction or event. *Satanic Temple I*, 475 F. Supp. 3d at 957 (reciting that TST's original complaint alleged constitutional violations and a RLUIPA claim in addition to the promissory estoppel claim).

When the plaintiff attempts to bring all the claims at once but is rebuffed, as here, *res judicata* does not preclude the second suit. *Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cnty. v. Beebe*, 578 F.3d 753, 760 (8th Cir. 2009) ("A second action may be permitted, rejecting claim preclusion, if the plaintiff specifically attempted to advance all theories in the first action but was rebuffed as to the matter advanced in the second action") (quoting Wright & Miller, *18 Fed. Prac. & Proc. Juris.* § 4412).

---

[3] the preclusive effect is "based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." (Ad. 45; R. Doc. 38, at 42).

Appellate Case: 22-2183    Page: 15    Date Filed: 02/21/2023 Entry ID: 5247360

**2: The $17,000 sanction was specious and arbitrary.**

Even if a sanction was appropriate, the $17,000 sanction was not. This is so because: (1) a reprimand would have deterred like conduct; (2) the sanctions order gives the City a windfall; and (3) there was not even a lodestar analysis.

*2.1: A reprimand would have deterred like conduct.*

The sanctions order was an abuse of discretion because it gives no application to the "relevant factor[s] that should have been given significant weight." *E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012); FRCP 11, Advisory Committee Notes (1993 Amendment) (identifying nine "proper considerations," none of which the District Court addressed or even inquired into.)

In response, the City meticulously avoids the abuse of discretion in the District Court's failure to give application to the relevant factors that should have been given significant weight. Instead, the City relies solely on the District Court's distortion of this Court's precedent. Response at 34, n. 57 (citing Ad. 49; R. Doc. 38, at 46). Again,

Appellate Case: 22-2183    Page: 16    Date Filed: 02/21/2023 Entry ID: 5247360

this is disposed of by Judge Loken's statement that *Professional Management* "didn't touch this issue."[4]

Next, the City misstates the record by denying that I was "charged with precisely one count of frivolity." Response at 34. The charge is available at App. 216; R. Doc. 19. It presents precisely one ground for sanctions, that "Because this new action arises out of the same nucleus of operative facts as the prior action, it is barred by res judicata." (App. 233; R. Doc., 19, at 18.) That the District Court layered on additional charges, post hoc, was nothing more than the deprivation of my due process right to be heard on the new charges. *E.g. Chrysler Corp. v. Carey*, 186 F.3d 1016, 1023 (8th Cir. 1999) ("Due process is satisfied if the sanctioned party has a real and full opportunity to explain its questionable conduct before sanctions are imposed.")

---

[4] Oral argument of *Satanic Temple v. Belle Plaine* (available at http://media-oa.ca8.uscourts.gov/OAudio/2022/12/213079.MP3) at 17:17.

Appellate Case: 22-2183     Page: 17     Date Filed: 02/21/2023 Entry ID: 5247360

And, contrary to the City's response at 33-34, the District Court's questions directed at my reliance on black-letter law pertained to whether I was correct, not whether my argument was meritorious. Again, this reversibly merges the merits of an argument and the merits of bringing it. *Black Hills*, above. The hearing (App. 484 *et seq.*; R. Doc. 57) involved no inquiry into the relevant factors to determine what kind of sanction was appropriate. Whereas the law requires the *least* punitive sanction available, FRCP 11(c)(4), the District Court reversibly entered the *most* punitive sanction; without support from the relevant factors. *E.E.O.C.*, 666 F.3d at 1172. This was an abuse of discretion. *Id.*

### 2.2: The sanctions order gives the City a windfall.

The sanctions order was an abuse of discretion because it exceeds the maximum threshold available under Rule 11. *See* FRCP 11, Advisory Committee Notes at 1993 amendment (A monetary sanction paid to another party "should *not* exceed the expenses and

Appellate Case: 22-2183     Page: 18     Date Filed: 02/21/2023 Entry ID: 5247360

attorneys' fees") (emphasis added). That amount was $0. (App. 323-324; R. Doc. 55, at 2-3).

In response, the City string-cites three district court cases from outside the Eighth Circuit for the proposition that "incurred" means something other than "to bring upon *oneself*." Black's Law Dictionary, INCUR (11th ed. 2019) (emphasis added); *see also Hall v. United States*, 566 U.S. 506, 511–12 (2012) (adopting the definition to hold that the definition is limited to an expense "incurred by" the subject of the statute there; as opposed to by a third party).

The evidence shows that the *City* incurred $0 in attorney's fees. The sanctions order directs payment to the *City* in the amount of a $17,000. That payment is an improper windfall to the *City*.

## 2.3: *There was not even a lodestar analysis.*

The sanctions order was an abuse of discretion because it did not even apply a lodestar analysis. *See Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019). Instead, the District Court saw that 20% of the City's page-count was dedicated to this issue, then rounded an

Appellate Case: 22-2183    Page: 19    Date Filed: 02/21/2023 Entry ID: 5247360

"estimate" of permissible hours up to 50% without the requisite "detailed explanation" to support a significant monetary sanction. *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 628 (8th Cir. 2003).

In response, the City defends its palpably insane $34,000 request by attacking the District Court's finding that the hours worked were "unreasonably excessive." Response at 37-40; compare (Ad. 65; R. Doc. 58, at 14) ("the Court concludes that the 157.4 hours of work performed in connection with this case was unreasonably excessive.") The Court lacks jurisdiction to entertain the City's attack. *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 710 (8th Cir. 2021) ("A party's failure to file a cross-appeal prohibits an appellee from attempting to enlarge her rights") (cleaned up).

Next, the City *generally* defends the District Court's decision to apply a percentage-based reduction. Response at 40-42. But the issue on appeal is the *specific* percentage-based reduction. The City's time records impermissibly merged the time spent on the *res judicata* argument and the time spent on the merits of the complaint. (Ad.

63-65; R. Doc. 58, at 12-14.) The District Court began its analysis with an "estimate" (Ad. 64; R. Doc., 58, at 13) of the City's unintelligible time logs based on page count. That tallied up to 20%. (Ad. 64; R. Doc. 58, at 13) ("approximately" 10 pages of 52). So, how did the District Court get to its 50% "reduction"? (Ad. 66; R. Doc. 58, at 15). The order is silent. Because there is no "detailed explanation" for the District Court to apply an arbitrary and specious 2.5x multiplier to its speculative finding as to what a *lawful* sanctions order could have been, the sanctions order is an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## 3: Relief requested upon remand.

Assuming the Court agrees that a reversal is proper, then any remand instructions should include orders directing the City's counsel of record to pay me for this appeal, and for an order reassigning this case to a different District Court Judge.

Appellate Case: 22-2183     Page: 21     Date Filed: 02/21/2023 Entry ID: 5247360

*3.1: The Court should instruct fees-shifting.*

This second appeal is the product of a vexatious duplication of proceedings which was plainly designed to intimidate me into withdrawing contentions that are fairly debatable. 28 USC § 1927; FRCP 11(c)(2); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018).

The City defends its strategic use of Rule 11 because the District Judge granted the motion. Response at 43. This says nothing, though, because the District Judge communicated bias on the record. (App. 541 R. Doc. 57, at 60.) ("So [TST] is religious because it is *anti*-religious?") (emphasis added); *but see Watson v. Jones*, 80 U.S. 679, 728 (1871) ("The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect.") That a biased judge abused discretion to bring an unlawful sanctions order is not a defense for the City's decision to employ a transparent intimidation tactic. *Restatement (Second) of Torts* § 682 (1977) (an abuse of process claim lies in "the misuse of process, no matter how properly

obtained. … [It is immaterial that the] proceedings terminated in favor of the person instituting or initiating them.")

The City's attorneys directed their attack against me, individually. That attack caused me, individually, direct and consequential damages. Presuming the Court reverses the order granting the City's motion for sanctions, I am entitled to recovery. FRCP 11(c)(2) ("the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.") The Court should reverse and remand for a determination of *all* the excess costs, expenses, and attorneys' fees reasonably incurred. 28 USC § 1927.

### 3.2: The Court should order reassignment.

### 3.21: Inquisition against the "anti-religious."

Judge Wright's inquisition against the anti-religious compels reassignment upon remand. The irresistible inquiry betrays that Judge Wright is one of those "zealous sectarians entrusted with government power" who cannot countenance the equal rights of a party-

Appellate Case: 22-2183    Page: 23    Date Filed: 02/21/2023 Entry ID: 5247360

plaintiff collective of "heretics," "atheists," and "agnostics." *Zorach v. Clauson*, 343 U.S. 306, 319 (1952) (Black, J., dissenting).

In response, the City downplays the admission of bias as a "single question asked in the course of proceedings to probe the distinction between religious acts and 'anti-religious' acts." Response at 45. There is no such thing as "*anti-religious*." The First Amendment does not countenance a governmental declaration of *true* religion or *false* religion. *E.g. Watson*, 80 U.S. at 728; *Larson v. Valente*, 456 U.S. 228, 244 (1982) ("The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another.") Likewise, the Free Exercise Clause forbids even "subtle departures from neutrality." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993).

At issue was a religious discrimination case. For the sitting judge to accuse the plaintiff of being an "anti-religion" betrayed an impermissible governmental hostility toward religion. *Id.* All plaintiffs, TST included, are entitled to a "neutral and respectful

– 24 –

consideration" of their claims "in all circumstances of the case." *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S.Ct., 1719, 1729 (2018) (departure from neutrality in assessing religious claims required reversal).

The City responds that neither my client nor I were prejudiced by Judge Wright's explicitly-stated religious bias. Response at 46. Not so. My client was deprived of its due process right to be heard on its constitutional claims because Judge Wright apparently could not stomach the thought of giving effect to the dictionary definition of "WITHOUT PREJUDICE" for an "anti-religious" plaintiff. (App. 534; R. Doc. 57, at 53). I was personally sanctioned $17,000 in retaliation for doing what was necessary to ensure my "anti-religious" client's right of review. Plainly, Judge Wright could not resist "the most vulnerable and human qualities" when taking up the sole responsibility for "identifying, prosecuting, adjudicating, and sanctioning the [allegedly] contumacious conduct." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994).

Appellate Case: 22-2183    Page: 25    Date Filed: 02/21/2023 Entry ID: 5247360

The abuse of discretion did not stop at the wrongful sanctions order. The Court should order reassignment upon remand because there is a constitutionally intolerable probability of actual bias. *Cf. Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 882 (2009) (Fourteenth Amendment case). This is so because Judge Wright went well beyond what is "normal and acceptable" by purporting to "prescribe what shall be orthodox in … religion." *Liteky v. United States*, 510 U.S. 540, 552 (1994); *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 642 (1943).

### 3.22: Obstruction and retaliation against an appeal.

Judge Wright should have *sua sponte* recused. Instead, she entered an arbitrary and specious monetary sanction against me for ensuring my client's right to appeal. This was a First Amendment retaliation even though the law protects Judge Wright from the damages resulting from her abusive sanctions order.

The City responds that this argument means "any time a judge imposes sanctions, that judge has committed First Amendment

Appellate Case: 22-2183    Page: 26    Date Filed: 02/21/2023 Entry ID: 5247360

retaliation." Response at 48. The shoe fits. When Judge Wright reversibly erred by ordering me to pay $17,000 to my adversaries in retaliation for doing what is necessary to perfect appellate jurisdiction, that satisfied all three elements of a First Amendment retaliation claim. *See Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016). The City offers no rebuttal, only incredulity that the law means what it says.

In the Seventh Circuit, reassignment on remand is presumptive. 7th Cir. R. 36. The purpose is to avoid "any bias or mindset the judge may have developed during the first trial." *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 658 F.3d 760, 766 (7th Cir. 2011). Plainly, Judge Wright developed such bias during the below proceedings that she could not help but to employ the punitive measures of government to deter me from performing my function within our justice system.

By any measure, a reasonable person aware of all the circumstances so far would harbor doubts about Judge Wright's

Appellate Case: 22-2183    Page: 27    Date Filed: 02/21/2023 Entry ID: 5247360

impartiality. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 668 (8th Cir. 2022). In *Tumey*, there was a sufficient degree of antagonism against a party which warranted reassignment where the party was deprived of reasonable notice before converting a motion TRO into a motion for preliminary injunction, the district judge *sua sponte* restricted the party's access to evidence, and refused to entertain constitutional claims. Same here. Judge Wright deprived me of reasonable notice on allegedly-sanctions-worthy misconduct (the "repeated disregard" of court orders), refused access to evidence (why the City broke its promise), and refused to entertain my client's constitutional claims. This case goes even further than *Tumey* by adding on unwarranted sanctions to punish and deter an appeal. Thus, reassignment is proper.

## Conclusion

**WHEREFORE** the Court should:

(1) Vacate the sanctions order;

(2) Remand with a directive to immediately return my cash

– 28 –

bond;

(3) Remand with a directive that the City's attorneys of record shall pay me for this duplicative appeal, in an amount within the District Court's sound discretion; and

(4) Remand with a directive that the District Clerk shall reassign the case to a judge who is, minimally, capable of appearing like they will enter a fair judgment.

Respectfully submitted,



*/s/Matt Kezhaya*                                    matt@crown.law
Ark. # 2014161                              direct: (479) 431-6112
Minn. # 0402193                        general: (612) 276-2216

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

Appellate Case: 22-2183    Page: 29    Date Filed: 02/21/2023 Entry ID: 5247360

## CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's efile system on February 20, 2023 which sends service to registered users, including all other counsel of record in this cause. Paper service to follow upon the Clerk's instruction.

*–Matt Kezhaya*

## CERTIFICATE OF COMPLIANCE

This document complies with the page limitation of FRAP 32(a)(7)(B) (a reply brief may not exceed 6,500 words) because, excluding the parts of the document exempted by FRAP 32(f), this document contains **3,649** words.

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using MS Office 365 in 14pt "Calisto MT" font. Headers are in 15pt "Calisto MT" font.

The electronic version of the brief and addendum have been scanned for viruses and are virus-free.

*–Matt Kezhaya*

Appellate Case: 22-2183    Page: 30    Date Filed: 02/21/2023 Entry ID: 5247360